Morton J.
Two questions may arise in the consideration of this case ; is the assessment legal ; and, if not, are the assessors liable in trespass.
By the statute of 1826, c. 143, § 14, which is a revision of the statute of 1799, c. 66, § 4, the selectmen of towns are authorized, and it is made their duty, upon proper application of the inhabitants of any school district within their respective towns, to issue a warrant directed to one of the applicants, requiring him to warn a meeting at the time and place and for the purpose therein mentioned. It is also provided in the same section, that any school district, at any meeting, warned as before required, “ having an article in the warrant of the selectmen for that purpose,” shall have power to prescribe the mode of warning all future meetings of such district. At a former meeting of the inhabitants of this school district convened by a warrant from the selectmen, a vote was passed prescribing the mode of warning future meetings. But as the warrant contained no article for this purpose, and as this is made a prerequisite by the statute, the vote was invalid.
Whether this clause of the statute vests in school districts the povver to dispense with a warrant from the selectmen altogether, or only authorizes them to regulate the mode of notifying the inhabitants, under such warrant, is doubtful.[1] And we are not required in the present case to put any construction upon it.
As the meeting which granted the money assessed by the defendants, was not convened by virtue of a warrant from the *558 selectmen, and as the district had not legally prescribed' the mode of calling meetings, the grant cannot be sustained, and the assessment was wholly unauthorized.
The only remaining question is, whether the assessors are liable in this action. Having made a tax without authority, in the collection of which the plaintiff was arrested, they are trespassers unless protected by the statute of 1823, c. 138, § 5. Withington v. Eveleth, 7 Pick. 106. By that statute assessors are exempted from all responsibility for the assessment of any tax upon the inhabitants of any city, town, district, parish or other religious society, when thereto required by the constituted authorities thereof, except only for their own integrity and fidelity. The defendants were not required by any city, town, parish or religious society to make this tax. Were they required by a district 9 Does the term district in this section apply to school district 9 If there are no other bodies or corporations to which this term can apply, then that it may have some meaning and effect it might be construed (although the construction should be a strained one) to apply to school districts. We think, however, a little attention to the language of the statute will show, not only that every word may have its full effect without resorting to such a construction, but that it is very obvious that such could not have been the intention of the legislature.
There are in this Commonwealth a class of corporations, not now so numerous as formerly, known by the name of districts, and invariably in our statutes designated by that appellation. Indeed there is no other term by which, without great circumlocution, they can be indicated. These corporations have all the powers of towns, except that of electing representatives to the Genera] Court.-
The language of the statute most obviously refers to such corporations only as have a right to choose assessors. Besides cities, towns, parishes and religious societies, the districts aforesaid are required by law, always to have these officers. But school districts have no power to elect them. And by the words of the statute, assessors are protected, only when they act in pursuance of the requisition of the corporation “of which they are assessors ” Gage v. Currier, 4 Pick. 399 ; *559 Inglee v. Bosworth, 5 Pick. 498. We are therefore of opinion, that the word district in the statute was intended to describe the abovementioned municipal corporation ; and cannot, without violence, be so construed as to include school districts.
Further, if this action will not lie against the assessors, the plaintiff is remediless. The collector being a mere ministerial officer and acting in pursuance of a regular warrant from a tribunal acting on a subject within their jurisdiction, is not liable. It will not lie against the town, because they did not require the defendants to assess the tax and have not received the fruits of the assessment. And it will not lie against the district, because in the very limited corporate powers and duties with which school districts are invested, a liability to suits of this kind is not imposed upon them.[1]

 Every school district may. at any regular meeting, having an article in the warrant for that purpose, prescribe the mode of warning all future meetings of the district and may also direct by whom and in what manner such meetings shall be called. Revised Stat. c. 23, § 48.

 See Baker v. Allen, 21 Pick. 382;. Allen v. Metcalf, 17 Pick. 208; Thayer v. Ray, 17 Pick. 167; Trafton v. Alfred, 15 Maine R. (3 Shepley,) 258 ; Green v. Bailey, 3 Fairfield, 259 ; Taft v. Metcalf, 11 Pick. 456 ; Taft v. Wood, 14 Pick. 362. School districts are embraced in the provisions of the Revised Statutes in reference to this subject. Revised Stat. c. 7, § 44.
If the clerk of a school district shall certify truly to the assessors of the town the votes of the district for raising, by a tax, any sum of money, the district shall be liable, in case of any illegality in the proceedings which may have been had in reference to raising such money. Revised Stat. c. 23, 6 29.